UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERISURE INSURANCE COMPANY,

    Plaintiff,

v.                                                              CASE NO. 8:18-cv-604-T-26JSS

STEPHANIE MING and GERELCO
TRAFFIC CONTROLS, INC.,

    Defendants.
_____/

## O R D E R

Plaintiff has filed an unopposed motion to extend the time within which to respond to Defendants' motions to dismiss. In its response, Plaintiff acknowledges that the court has yet to render a final judgment in the underlying state court action in which the jury rendered a judgment in excess of Plaintiff's policy limits. In light of that acknowledgment, the Court lacks subject matter jurisdiction at this juncture of the proceedings to enter a declaratory judgment with regard to whether Plaintiff acted in bad faith because, in the absence of an excess judgment being entered in the underlying state court litigation, a bad faith action against Plaintiff has yet to accrue.

As one Florida appellate court recently reaffirmed, "[u]nder Florida law, a bad faith action is a separate cause of action that does not arise until an insured is legally obligated to pay an excess judgment." Whritenour v. Thompson, 145 So.3d 870, 873

(Fla.Dist.Ct.App. 2014) (citing Cunningham v. Standard Guar. Ins. Co., 630 So.2d 179, 181 (Fla. 1994)). As the Whritenour court further explained, "[a] plaintiff must first obtain a judgment in a negligence action that determines liability and the amount of resulting damages because that determination is essential to a potential suit against an insurance company for its bad faith in handling a liability claim against its insured." Id. (citing Cunningham); see also, North Am. Ins. Co. v. C.H., 2013 WL5305708, at *2 (M.D. Fla. 2013) (citing multiple Florida appellate cases for the proposition that "[a] cause of action for third-party bad faith cannot be maintained without a final judgment in excess of the policy limits and a coverage determination in favor of the insureds."). Given this state of Florida law, the Court concludes that the Court lacks subject matter jurisdiction because Plaintiff's complaint does not present an "actual controversy" sufficient to invoke this Court's jurisdiction inasmuch as the question of bad faith depends on a speculative event to take place in the future, that is, whether the state court will in fact enter a final judgment which exceeds the Plaintiff's policy limits.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Defendants' Motions to Dismiss (Dkts. 15 and 16) are granted.

2) Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

3) Plaintiff's Unopposed Motion for Extension to Time (Dkt. 17) is denied as moot.

4) The Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, on May 11, 2018.

        s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record