# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AMERISURE INSURANCE COMPANY,

    Plaintiff,

v.                                                 CASE NO. 8:18-cv-604-T-26JSS

STEPHANIE MING and GERELCO
TRAFFIC CONTROLS, INC.,

    Defendants.
    _____/

# O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Reconsideration and to Abate (Dkt. 19) is denied for the following reasons.

First, although the Court acknowledges that it granted Defendants' motion to dismiss on the basis of lack of subject matter jurisdiction without affording Plaintiff an opportunity to respond, the Court's action was supported by Eleventh Circuit precedent. As a panel of the Eleventh Circuit recently reaffirmed, "[w]hen a district court lacks subject matter jurisdiction, it has no power to render a judgment on the merits and should dismiss the complaint '*sua sponte* if necessary, pursuant to Fed. R. Civ. P. 12(h)(3).'" Hallett v. Ohio, 711 F. App'x 949, 950 (11th Cir. 2017) (unpublished) (quoting and citing Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003); see also

DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1303 (11th Cir. 2008) (vacating alternative holding of district court, which reached the merits, because it was without jurisdiction). Based on the state of the record before the Court, there was no question that the Court lacked subject matter jurisdiction by virtue of the fact that the Florida state court had yet to render a final judgment awarding damages to Defendant Ming in excess of Plaintiff's policy limits. Consequently, consistent with Eleventh Circuit precedent cited above, the Court had no other alternative but to dismiss the case, "*sua sponte* if necessary," because the Court "ha[d] no power to render a judgment on the merits."

Second, Plaintiff has offered no evidence in its latest submission that as of the date of the entry of this order the Florida state court has rendered an excess judgment in favor of Defendant Ming. Thus, the Court continues to lack subject matter jurisdiction and continues to lack the jurisdictional power to adjudicate the merits of Plaintiff's complaint.

Finally, the Court concludes that there is no need to abate this action. Because the Court dismissed Plaintiff's complaint without prejudice, it did not render a final judgment or order on the merits so that Plaintiff is not jurisdictionally precluded from refiling its complaint if and when the Florida state court renders a final judgment awarding Defendant Ming damages in excess of Plaintiff's policy limits. See Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) (stating that "[a] dismissal without prejudice is not an adjudication on the merits and thus does not have a *res judicata* effect.") (citation omitted); cf. DiMaio v. Democratic Nat'l Comm., 555 F.3d 1343, 1345 (11th Cir. 2009)

(noting that because dismissal of prior complaint for lack of standing was without prejudice, plaintiff filed a new complaint to address standing issue).  Moreover, given the requirement imposed by the Eleventh Circuit that when a district court lacks subject matter jurisdiction its only recourse is to dismiss the case without prejudice, the Court is not convinced that it has the jurisdiction to abate rather than to dismiss without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on May 29, 2018.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record